UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY COWARD, : | |
| : | |
| Plaintiff, : | Civ. No. 13-7480 (RBK) (KMW) |
| : | |
| v. : | **OPINION** |
| : | |
| WARDEN COHEN, et al., : | |
| : | |
| Defendants. : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.     INTRODUCTION

Plaintiff was a pretrial detainee at the Atlantic County Justice Facility in Mays Landing, New Jersey at the time he submitted his complaint to this Court.  He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff's application to proceed *in forma pauperis* will be granted based on the information provided therein and the Clerk will be ordered to file the complaint.

The Court must now review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.  For the reasons set forth below, the complaint will be permitted to proceed in part.

## II.     BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening. Plaintiff names Warden Cohen, who is the warden at the Atlantic County Justice Facility, as a

defendant in this case as well as two John Does. Plaintiff states that the two John Does are a Lieutenant and a Sergeant at the Atlantic County Justice Facility.

Plaintiff alleges that on November 30, 2013, the warden ordered all prisoners to be locked in their cells for thirty days without giving any type of disciplinary report for alleged misconduct. Plaintiff claims that he was denied legal access to the courts, showers, personal hygiene items and time out of his cell for a thirty day period.

Plaintiff requests injunctive relief through a temporary restraining order. Additionally, he requests money damages.

### III.    STANDARD OF REVIEW

A.  Standard for *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of

matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

   B. <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp.*

---

Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

*Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

### IV.  DISCUSSION

The allegations of the complaint appear to raise several distinct claims.  Interpreting the allegations of the complaint, it appears as if plaintiff is raising claims such as:  (1) procedural due process; (2) access to courts; and (3) conditions of confinement.  Each of these claims is considered in turn.

A. Procedural Due Process

Plaintiff first claims that the warden ordered all prisoners to be housed/locked in their cells for a period of thirty days without issuing a disciplinary report nor conducting a hearing for the alleged misconduct.  "A plaintiff seeking relief under § 1983 for a violation for procedural due process must demonstrate that '(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'"  *R.B. v. Westmoreland Cnty.*, 526 F. App'x 181, 185 (3d Cir. 2013) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006)).  "A prisoner's procedural due process rights are violated when he is deprived of a legally cognizable liberty interest, which occurs when the prison 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"  *Okey v. Strebig*, 531 F. App'x 212, 215 (3d Cir. 2013) (per curiam) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

In this case, plaintiff's procedural due process claim is that the warden placed him on cell restriction/lock down for a period of thirty days without proper procedures such as a hearing or a disciplinary report.  However, "[t]he sanction of thirty days cell restriction is in the range of

4

conditions that do not violate a protected interest under *Sandin*." *Armstrong v. Brooks*, 283 F. App'x 906, 909-10 (3d Cir. 2008) (per curiam); *see also Mestre v. Dombrowski*, 566 F. App'x 109, 110 (3d Cir. 2014) (stating that thirty day cell restriction did not trigger Fourteenth Amendment's procedural due process protections in the corrections context); *Turner v. Attorney General Pennsylvania*, 505 F. App'x 95, 99 (3d Cir. 2012) (per curiam) (stating that thirty day confinement in administrative custody did not constitute an atypical or significant hardship) (citing *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997)).  Therefore, plaintiff fails to state a procedural due process claim upon which relief may be granted in the complaint.

   B.  Access to Courts

Plaintiff next asserts that he was denied access to the courts and legal calls to his attorney.  "Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts."  *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)).  "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury' – that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit."  *Id.* (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). Thus, to satisfy the requisite pleading requirements, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'"  *Id.* at 205-06 (citing *Christopher*, 536 U.S. at 416-17) (footnote omitted).

In this case, plaintiff has failed to state an access to courts claim.  The allegations in the complaint do not state the arguable legal claim that he has lost as a result of the lockdown.  Thus,

he fails to identify any actual injury he has suffered as a result of his inability to adequately communicate with his attorney. *See Aruanno v. Main*, 467 F. App'x 134, 137 (3d Cir. 2012) (per curiam) (agreeing with District Court's dismissal of an access to courts claim where the plaintiff did not identify an actual injury he suffered as a result of the alleged inability to communicate with counsel).

    C. <u>Conditions of Confinement</u>

Finally, plaintiff states that he was denied showers, personal hygiene products and time out of his cell for a thirty day period. As a pretrial detainee, plaintiff's condition of confinement claim is analyzed under the Fourteenth Amendment as opposed to the Eighth Amendment. *See Hubbard v. Taylor*, 538 F.3d 229, 231 (3d Cir. 2008) (explaining that Fourteenth Amendment applies to pretrial detainees conditions of confinement claim). "The Constitution mandates that prison officials satisfy inmates' 'basic human needs – e.g., food, clothing, shelter, medical care, and reasonable safety.'" *Duran v. Merline*, 923 F. Supp. 2d 702, 719 (D.N.J.) (quoting *Helling v. McKinney*, 509 U.S. 25, 32 (1993)) (remaining citation omitted).

Before reaching whether plaintiff's allegations sufficiently state a plausible conditions of confinement claim, there is another issue that is determinative of whether plaintiff has sufficiently stated a conditions of confinement claim. Indeed, Section 1983 does not support a claim based on *respondeat superior*. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Instead, a plaintiff must allege that a supervisor had a personal involvement in the alleged wrongs. *See Rode v. Dellaciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also In re Bayside Prison Litig.*, No. 97-5127, 2007 WL 327519, at *5 (D.N.J. Jan. 30, 2007). Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. *See Rode*, 845 F.2d at 1207; *see also Baker*

*v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995); *Jackson v. Camden Cnty. Corr. Facility*, No. 12-7538, 2013 WL 1844636, at *3 n.1 (D.N.J. Apr. 29, 2013).

Plaintiff alleges in the complaint that the warden ordered plaintiff to be on lockdown for a period of thirty days.  However, the complaint is silent regarding any purported personal involvement, acquiescence or knowledge by the warden regarding the conditions of confinement that plaintiff had to purportedly endure during this lockdown period.  Furthermore, while plaintiff identifies a sergeant and a lieutenant as John Doe defendants in his complaint, he does not allege in the complaint that these two unnamed individuals had any personal involvement, acquiescence or knowledge of the purported conditions of confinement complained of in the complaint.  Accordingly, plaintiff fails to state a claim upon which relief can be granted based on his conditions of confinement allegations.

D.  Request for a Temporary Restraining Order

Plaintiff has also requested a temporary restraining order in his complaint.  To secure the extraordinary relief of a preliminary injunction or temporary restraining order ("TRO"), a petitioner must demonstrate that "'he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and (4) granting the injunction is in the public interest.'"  *Barber v. Sharp*, No. 10-5286, 2011 WL 2223651, at *15 (D.N.J. June 2, 2011) (citing *Maldonaldo v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998) (as to preliminary injunction); *Ballas v. Tedesco*, 41 F. Supp. 2d 531, 537 (D.N.J. 1999) (as to temporary restraining order)).  A plaintiff "must establish that all four factors favor preliminary relief."  *Barber*, 2011 WL 2223651, at *15 (citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187 (3d Cir. 1990)).

For the reasons stated above, plaintiff has failed to state any claim in his complaint upon which relief may be granted. Thus, he has failed to show that he is likely to succeed on the merits. Accordingly, his request for a TRO will be denied.

## V.     CONCLUSION

For the foregoing reasons, the complaint will be dismissed without prejudice for failure to state a claim. Because it is possible that plaintiff may be able to supplement his complaint with facts sufficient to overcome the deficiencies noted above, plaintiff will be given leave to file a proposed all-inclusive amended complaint if he elects to do so. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (plaintiff should be given leave to amend unless amendment would be inequitable or futile). An appropriate order will be entered.


DATED:   February 4, 2015

                                                                     s/Robert B. Kugler
                                                                     ROBERT B. KUGLER
                                                                     United States District Judge